**UNITED STATES of America**

v.

**David AUSBURN, Appellant.**

**No. 08–4352.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 18, 2009.

Filed: Jan. 26, 2010.

---

Robert L. Eberhardt, Esq., Laura S. Irwin, Esq., Office of the United States Attorney, Pittsburgh, PA, for United States of America.

Karen S. Gerlach, Esq., W. Penn Hackney, Esq., Office of Federal Public Defender, Pittsburgh, PA, for Appellant.

BEFORE: SLOVITER, JORDAN, and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before the Court on David Ausburn's appeal from a judgment resentencing him in this criminal case entered on October 9, 2008, following our remand on his earlier appeal in a precedential opinion. *See United States v. Ausburn*, 502 F.3d 313 (3d Cir.2007). Inasmuch as we set forth the circumstances of the case in our earlier opinion, we will not repeat at length what we said there and, instead, will set forth only the case's most significant history. Ausburn pleaded guilty to a single count indictment charging him with a violation of 18 U.S.C. § 2422(b) by using a telephone and a computer to knowingly persuade, induce, entice and coerce a minor to engage in illegal sexual activity. The offense arose out of a relationship that Ausburn developed with a 14–year old girl and her family arising from his interaction with the family in his capacity as a detective and later as police chief of the West Homestead, Pennsylvania, police department. In those positions Ausburn ostensibly acted "as a role model and positive influence" in the life of the 14–year old girl. *Ausburn*, 502 F.3d at 316.

Ausburn's base offense level under the Sentencing Guidelines was 24 to which the Court added two levels under U.S.S.G. § 2A3.2(b)(1) because the victim was in his custody, care, or supervisory control. The Court added another two levels under U.S.S.G. § 2A3.2(b) by reason of Ausburn's use of a computer as a means to coerce the prohibited sexual conduct. These enhancements increased his adjusted offense level to 28, but there was a 3–level decrease for acceptance of responsi-

bility resulting in a total offense level of 25. Inasmuch as Ausburn had no criminal offense history his criminal history category was I. Thus, his non-binding guideline sentencing range was 57 to 71 months. Nevertheless, the District Court, applying 18 U.S.C. § 3553(a), varied greatly from the non-binding range and imposed a 144–month sentence to be followed by a three-year term of supervised release.

On his original appeal Ausburn raised various contentions but we granted him relief only on the basis of his argument that the sentence was unreasonable. On that point we concluded that the District Court should resentence Ausburn because the Court failed to "provide a statement of reasons sufficient to allow" our review of whether the sentence "was reasonable under the circumstances." 502 F.3d at 316. Thus, we neither approved nor disapproved the extent of the sentence.

In remanding we did not direct the Court to hear the parties again but it did so and thus they were able to present their positions in full on the resentencing, which they did. After hearing the parties, the Court again sentenced Ausburn to a 144–month custodial sentence but set forth in full detail the reasons for imposing that sentence. The Court made clear that its primary motivation in sentencing Ausburn to a 144–month custodial term was Ausburn's reprehensible abuse of his position and the harm he had done to the victim and her family by his criminal conduct. Ausburn has appealed again.

On this appeal Ausburn states the issue as follows:

This Court vacated the original sentence and remanded for resentencing because the record did not justify a sentence that was twice the top of the guideline range. On remand the District Court reimposed the same 144–month sentence, stating that it was warranted because Mr. Ausburn was a policeman. But the District Court failed to explain why a guideline sentence, or even a lesser variance, would not suffice. It also improperly elevated one of the sentencing factors above all the others, when it focused exclusively on the fact that Mr. Ausburn was a policeman. Was the sentence procedurally erroneous and substantively unreasonable, and did it comply with this Court's mandate?

Appellant's br. at 2.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the sentence for reasonableness under an abuse of discretion standard, *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 765–66, 160 L.Ed.2d 621 (2005); *United States v. Tomko*, 562 F.3d 558, 564–65 (3d Cir.2009) (en banc).

There is no question but that the District Court complied with our mandate remanding the case for resentencing for it fully explained its reasons for imposing the sentence and it could have not given a fuller explanation of them. Clearly this is a case in which the District Court believed that Ausburn's conduct required the imposition of a long custodial sentence both because of his abuse of his position of public trust and because of the harm that he had done. Ausburn's contention that we vacated the sentence on his first appeal because "the record did not justify a sentence that was twice the top of the guideline range" is incorrect as we merely required the Court to explain in more detail the reason for it imposing the 144–month custodial sentence. Therefore even though we said that the "imposition of a 144–month term of imprisonment was unreasonable" we did so "because the District Court did not provide sufficient reasons in the record to justify its sentence."

*Ausburn*, 502 F.3d at 322. It therefore is clear that we explained on the original appeal that the District Court's failure was procedural not substantive. Consequently, the substantial issue now before us is whether the sentence was unreasonable to the end that we can say that the Court abused its discretion in imposing it. After our study of the matter we cannot say that the Court did so.

We recognize that it is rare that a court will imposes a sentence more than double the top of the guideline range, but the facts here are extraordinary. Ausburn used his position of respect and authority within the community to insulate himself with the victim and her family ostensibly to befriend the victim while at the same time using the relationship to satisfy his illicit desires and thereby wound the victim and her family grievously. This case is one in which the District Court evidently believed that the 144–month custodial sentence was appropriate because of the need for a sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2). While some courts might have imposed a lesser sentence than that the Court imposed here, we reiterate that we cannot say that 144 months was unreasonable.

The judgment of October 9, 2008, will be affirmed.

SLOVITER, Circuit Judge, Dissenting.

The sentencing regime under which we now operate gives discretion to the sentencing court to impose the sentence but leaves to the Court of Appeals the final decision on the reasonableness of the sentence. It is inevitable that within a panel of three circuit judges there may be one judge who has a different view of the reasonableness of a particular sentence than that of his or her colleagues. This is one such case.

I do not find any error of law in my colleagues' opinion. I also agree with them that on resentencing the District Court did not fail to follow the mandate. As the opinion states, the District Court explained why it believed that this case warranted a sentence double the maximum suggested by the Sentencing Guidelines. The PSR stated that the Guideline range for defendant, based on a total offense level of 25 and a criminal history category of I, was 57 to 71 months. Judge Schwab imposed a sentence of 144 months. It is my belief that such a sentence is unreasonable, and I would not be fulfilling my obligation if I failed to so state.

The principal reason—and indeed the only reason given by the District Court for its extreme variance from the Guidelines—was that the defendant "used his authority as a police officer in his dealings with the victim," who was a troubled young woman. App. at 145. The difficulty with this explanation is that the applicable Sentencing Guideline already takes into account a defendant's position of authority.[1] I agree with the Government that defendant's conduct was reprehensible. It was not less so because the victim was a willing participant in the consensual sexual activity, and I would not be dissenting if there had been any suggestion of forcible contact. There wasn't.

I see no reason why the defendant should be sentenced to 12 years in prison when the Guidelines are satisfied with half that amount. Therefore, I dissent.

---

1. *See* U.S.S.G. § 2A3.2(b)(1) (2002) (providing for two-offense-level enhancement "[i]f the victim was in the custody, care, or supervisory control of the defendant.").